UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAZ O. GULLEY,
    Plaintiff,

v.

COMMISSIONER LEO C. ARNONE, et al.,
    Defendants.

PRISONER
CASE NO. 3:11-cv-1659(DJS)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Commissioner Leo C. Arnone; Deputy Commissioner James Dzurenda; District Administrator Michael Lajoie; Wardens Angel Quiros and E. Maldonado; Captains Dennis Oglesby, Jason Cahill and Darrel T. Little; Lieutenants Melvin Saylor, Ana Claudio, Paul Germond, Michael Pafumi, Nelson Correia, Tony Williams and Rohan Daire; Drs. Mark Frayne and Gerard Gagne; Correctional Treatment Officer Leroy Thompson; and Correctional Officers J. Wiseman, J. Smith, Matthew Prior, Zachary Brysgel, Scott Gorman, Pagliano, Joseph Dipace, Jonathan Matlasz, Tyler Anderson, Crane, Melendez and Andrade.[1] All defendants are named in their individual capacities only.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the

---

[1] The complaint identifies some defendants by last name only.

complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff describes several incidents of use of excessive force covering the period from February 23, 2011, until September 5, 2011. Defendants Oglesby, Cahill, Saylor, Claudio, Germond, Pafumi, Correia, Thompson, Wiseman, Smith, Prior, Brysgel, Matlasz, Anderson, Daire and Crane are specifically

2

alleged to have taken various actions against the plaintiff on one or more of these occasions.

Defendants Little, Williams, Gorman, Pagliano, Dipace and Andrade are not referenced with regard to any of the incidents of excessive force specified in the complaint. The complaint contains only general, conclusory statements that these defendants used excessive force. These conclusory statements are insufficient to state facially plausible claims against them. See Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) ("'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting Iqbal, 129 S. Ct. at 1949)). The claims against defendants Little, Williams, Gorman, Pagliano, Dipace and Andrade are dismissed.

The only non-conclusory allegation against defendant Melendez is that he drove the plaintiff to the hospital for x-rays. The court cannot discern how this action violated any of the plaintiff's constitutionally protected rights. The claims against defendant Melendez are dismissed as well.

The plaintiff includes as defendants Dr. Frayne and Dr. Gagne. Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, the

plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. Id. at 104-06.

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). In addition, inmates are not entitled to the medical treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. The conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).

The plaintiff alleges that Dr. Frayne characterized the plaintiff's claim that correctional staff was "setting him up" as manipulative behavior and opined that the plaintiff was not suicidal. (Dkt. # 1, ¶¶ 12,13.) Dr. Gagne ordered that the plaintiff be taken to a medical unit and placed in a "safety gown and blanket" after the plaintiff went on a hunger strike and refused eight meals. (Dkt. # 1, ¶ 14.) Both doctors evaluated the plaintiff's condition. Dr. Frayne expressed his opinion and Dr. Gagne ordered treatment. The fact that the plaintiff does not agree with the opinion or treatment does not constitute a claim

4

of deliberate indifference to his mental health needs. The claims against defendants Frayne and Gagne are dismissed.

Defendants Arnone, Dzurenda, Lajoie, Quiros and Maldonado are supervisory officials. The doctrine of respondeat superior is inapplicable in section 1983 cases. See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003). Supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

In Iqbal the Supreme Court concluded that "[b]ecause

vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." 129 S. Ct. at 1948 (emphasis added). This decision arguably casts doubt on the continued viability of some of the categories for supervisory liability articulated in Colon. The Second Circuit has not revisited the criteria for supervisory liability following Iqbal. See Gonzalez v. Sarreck, No. 08 Civ. 3661, 2011 WL 5051341, at *14 n.3 (S.D.N.Y. Oct. 24, 2011)("the Second Circuit has not yet weighed in on what remains of Colon after Ashcroft v. Iqbal"). Here, the plaintiff has alleged no facts suggesting that defendants Arnone, Dzurenda, Lajoie, Quiros and Maldonado were involved in or even aware of the incidents alleged. Thus, even under the broad categories for supervisory liability identified in Colon, the plaintiff has not alleged any facts to support claims against these defendants. The claims against the defendants Arnone, Dzurenda, Lajoie, Quiros and Maldonado are dismissed.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims against defendants Little, Williams, Gorman, Pagliano, Dipace, Andrade, Melendez, Frayne, Gagne, Arnone, Dzurenda, Lajoie, Quiros and Maldonado are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i)and(ii).

(2) **The Pro Se Prisoner Litigation Office shall** verify the current work address for each of the remaining defendants, Oglesby, Cahill, Saylor, Claudio, Germond, Pafumi, Correia, Thompson, Wiseman, Smith, Prior, Brysgel, Matlasz, Anderson, Daire and Crane, and mail waiver of service of process request packets to each of the remaining defendants on or before **January 6, 2012**. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on **February 10, 2012**. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, on or before **March 2, 2012**. If they choose to file an answer, they shall

admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the Federal Rules.

(6) **Discovery**, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed on or before **August 15, 2012**. Discovery requests need not be filed with the court.

(7) All **motions for summary judgment** shall be filed on or before **October 1, 2012**.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered this 5th day of December 2011, at Hartford, Connecticut.

/s/ DJS
_____

Dominic J. Squatrito
United States District Judge